IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Luther Johnson, <br><br> Plaintiff, <br><br> v. <br><br> Lisa Peterson, et al., <br><br> Defendants. | Case No. 3:18-cv-331 <br><br> Judge Jeffrey J. Helmick <br> Magistrate Judge James R. Knepp, II <br><br> **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

Now come Defendants, Lisa Peterson, Oscar Cataldi, Jr. and Robert Yochum, and respectfully move this Court, pursuant to Fed.R.Civ.P. 12(c), for judgment on the pleadings because the allegations contained in Plaintiff's complaint fail to state a claim for relief. A memorandum in support of this motion is attached hereto and made a part hereof.

    Respectfully submitted,

    MICHAEL DEWINE
    Ohio Attorney General

    s/Maureen C. Yuhas
    MAUREEN C. YUHAS (0037361)
    Assistant Attorney General
    Criminal Justice Section
    150 East Gay Street, 16th Floor
    Columbus, Ohio 43215
    Phone: (614) 644-0739
    maureen.yuhas@ohioattorneygeneral.gov
    TRIAL ATTORNEY FOR DEFENDANTS

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**

Plaintiff Luther Johnson, #166-904, is a prisoner of the State of Ohio and is currently incarcerated at the Allen Oakwood Correctional Institution ("AOCI") located in Lima, Ohio. On February 12, 2018, Plaintiff filed a 42 U.S.C. §1983 action in this Court, alleging that Defendants have exhibited deliberate indifference to his serious medical need in violation of the Eighth Amendment by not treating his hepatitis C with the drug Harvoni. Plaintiff, in his complaint, disagrees with the Defendants' adherence to ODRC medical protocol C-5 that does not recommend the use of drugs such as Harvoni until the hepatitis C condition progresses to a specific stage. Plaintiff admits in his complaint that he has received regular monitoring of his hepatitis C and liver biopsies by the defendants and other Ohio Department of Rehabilitation and Correction ("ODRC") medical staff.

II. **LAW AND ARGUMENT**

a. **Standard of a Fed.R.Civ.P. 12(c) motion for judgment on the pleadings.**

"A Court reviews a motion for judgment on the pleadings, brought under Federal Rule of Civil Procedure 12(c), in the same manner as a court would review a motion brought under Federal Rule 12(b)(6)." *Ruff v. Bakery, Confectionery, Tobacco Workers & Grain Millers & Industry Int'l*, No. 2:14-cv-593, 2015 U.S. Dist. LEXIS 170898, at *6 (S.D. Ohio Dec. 22, 2015) quoting *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006). Under Rule 12(b)(6), a complaint will be dismissed if it fails to state a claim upon which relief can be granted.

"When considering a motion for judgment on the pleadings, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true." *Id.* At *7. However, "[a] complaint will not 'suffice if it tenders naked assertion[s] devoid of further factual enhancement.'" *Id.* At *6 quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead **'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible."** *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014) (emphasis added) quoting *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Crotts v. O'Connor*, No. 2:16-cv-263, 2017 U.S. Dist. LEXIS 3533, at *4 (S.D. Ohio Jan. 10, 2017) quoting *Iqbal*, 556 U.S. at 663.

    b. **Plaintiff has failed to state a claim of unconstitutional deliberate indifference to his serious medical needs.**

"The Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cnty.,* 625 F.3d 935, 941 (6th Cir.2010) (internal quotations and citations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell,* 643 F.3d 162, 169 (6th Cir.2011).

"The objective component requires a plaintiff to prove a 'sufficiently serious' medical need, and the subjective component requires a plaintiff to prove that the doctors had a

3

'sufficiently culpable state of mind.'" *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Regarding this objective component: "Such a medical need has been defined as one 'that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)).

With respect to the subjective component: "Deliberate indifference requires more than mere negligence, more even than medical malpractice. It requires something akin to criminal recklessness: The defendant must know that inmates face a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it." *Mitchell v. Hininger*, 553 F. App'x 602, 604 (6th Cir. 2014) (internal quotations and citations omitted).

"Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010). As a practical matter: "Generally, courts find deliberate indifference where there is evidence tending to establish that the physician is present while the inmate is in distress, that distress is communicated to the physician, and the physician purposefully ignores the distress knowing that an adverse outcome is likely to occur." *Jones v. Muskegon Cnty.,* 625 F.3d 935, 945 (6th Cir. 2010).

A misdiagnosis by a physician does not amount to an Eighth Amendment deliberate indifference claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jones v. Muskegon Cnty.,* 625

F.3d 935, 945 (6th Cir. 2010).  Negligence by prison medical staff does not amount to deliberate indifference.  A difference of opinion over the appropriate treatment or diagnosis does not state a claim of deliberate indifference to medical needs.  *Hix v. Tennessee Dept. of Corrections*, 196 F. App'x 350, 357 (6th Cir. 2006); *Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996).

Plaintiff asserts that defendants' failure to treat him with Harvoni pursuant to Protocol Number C-5 amounts to deliberate indifference of his medical needs in violation of the Eighth Amendment.  He does not allege that he has suffered any injuries as a result of his medical care but, rather, he argues that he is at risk for future serious injuries.

This precise claim has been addressed numerous times by Sixth Circuit courts. For example, the United States District Court for the Southern District of Ohio explained:

> Mr. Collins has adequately shown that he suffers from an objectively serious medical condition. See Johnson v. Million, 60 Fed. Appx. 548, 549 (6th Cir. 2003); Hix v. Tennessee Dept. of Corrections, 196 Fed. Appx. 350, 356 (6th Cir. 2006). Mr. Collins has not, however, put forth any evidence that calls into question either the medical efficacy of Protocol Number C-5 or the fact that his treatment has been consistent with the policies and standards therein. In many cases, Hepatitis C will never progress to the degree where antiviral therapy will be needed. See Hix, 196 Fed. Appx. at 357 n.1. Had Mr. Collins' ALT levels remained within the normal range, continued monitoring every few months along with blood testing would have been sufficient. See Johnson, 60 Fed. Appx. at 549. Mr. Collins concedes that such monitoring and testing have occurred, and that his enzyme levels were relatively unchanged from 2004 to 2006. Plaintiff's Memorandum Contra p. 3. Once these levels began to rise, Mr. Collins was referred for a liver ultrasound, the results of which came back normal. As his ALT readings reached more dangerous levels in 2007, he was recommended for a liver biopsy. Mr. Collins will not meet the criteria for antiviral treatment unless the biopsy results indicate the presence of liver fibrosis. See Protocol Number C-5 (IV)(F)(2)(e) p. 5.
> Given this record, no reasonable trier of fact could conclude that the defendants had a "sufficiently culpable state of mind" to constitute deliberate indifference to Mr. Collins' medical needs. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are reluctant to second guess

> medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). The fact **[*13]** that Mr. Collins disagrees with the criteria set forth in Protocol Number C-5 and would have preferred to have been treated with antiviral therapy form the onset of his diagnosis does not constitute cruel and unusual punishment. See Loukas v. Michigan Dept. of Corrections, 2008 U.S. Dist. LEXIS 14724, 2008 WL 544639 at *2 (W.D. Mich. Feb. 27, 2008).

*Collins v. Wilkerson*, No. 2:05-cv-367, 2008 U.S. Dist. LEXIS 32919, at *11-12 (S.D. Ohio Apr. 22, 2008). In a similar case where an inmate alleged deliberate indifference to his serious medical needs as a result of the defendants denying him Harvoni treatment for his hepatitis C, the district court granted defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Watson v. Mohr*, No. 2:17-cv-457, 2017 U.S. Dist. LEXIS 205479, at *9-10 (S.D. Ohio Dec. 14, 2017) report and recommendation adopted 2018 U.S. Dist. LEXIS 23050 (S.D. Ohio Feb. 13, 2018).

This Court pursuant to its 28 U.S.C. § 1915(e) initial screening, found that an inmate failed to state a claim of medical deliberate indifference for his claims that he was denied Harvoni medication for his hepatitis C. *Perotti v. O'Boyle*, No. 1:16-cv-2347, 2017 U.S. Dist. LEXIS 11793, at *10-11 (N.D. Ohio Jan. 26, 2017). See also *Buchanon v. Mohr*, No. 2:16-cv-279, 2016 U.S. Dist. LEXIS 121432, at *7-8 (S.D. Ohio Sep. 8, 2016) (granting defendants' Rule 12(b)(6) motion to dismiss).

The United States Court of Appeals for the Sixth Circuit reviewed the dismissal of an inmate's civil rights complaint wherein the plaintiff argued that the defendants violated his Eighth Amendment rights when they failed to treat his hepatitis C virus with Imferon and Ribavirin. *Owens v. Hutchinson*, 79 F.App'x 159 (6th Cir. 2003). The Sixth Circuit ruled that the plaintiff's disagreement with his physicians medical treatment amounted only to allegations of medical malpractice, not cognizable as a federal constitutional claim. *Id*. at 161. See also

*Wooley v. Campbell*, 63 F.App'x 789 (6th Cir. 2003). *Hughes v. Lavender*, No. 2:10-cv-674, 2011 U.S. Dist. LEXIS 65226, at *11-12 (S.D. Ohio Jun. 16, 2011) (inmate's doctors' decisions not to prescribe interferon in combination with ribavirin are matters of medical judgments and plaintiff's disagreements with them do not rise to the level of a constitutional violation).

Based on the above legal authority, Defendants respectfully submit that Plaintiff has failed to state a claim upon which relief can be granted.

### c. Plaintiff has failed to state a 42 U.S.C. §1983 claim upon which relief can be granted against Health Care Administrator Lisa Peterson.

Plaintiff also sues Lisa Peterson, the Health Care Administrator at AOCI. His complaint appears to allege that Ms. Peterson violated his constitutional rights, due to her involvement in his grievances concerning his medical treatment and due to her position as Health Care Administrator.

A prison inmate has no due process right to file a prison grievance and thus no liberty or other due process interest in the grievance process attaches. It is well-established that prison inmates do not have a constitutional or state-created due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corrs.*, 128 F. App'x 441, 445 (6th Cir. 2005). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).Therefore, Plaintiff's allegations concerning Ms. Peterson's responses to his medical care grievances are insufficient to trigger liability under § 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999); *Barnett v. Luttrell*, 414 F. App'x 784, 787 (6th Cir. 2011) ("Prison officials are not liable under § 1983 for denying or failing to act on grievances.").

In addition, Defendant Peterson cannot be held liable under 42 U.S.C. §1983 simply as a result of her position as Health Care Administrator.

A cause of action under § 1983 has two required elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). With regard to the second element, "personal involvement" of the defendant is mandated. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). There is no liability under the theory of *respondeat superior*. *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 634 (6th Cir. 2013). "Instead, Plaintiff must 'show that [the] supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate' or otherwise that he was 'personally involved in the events leading to Plaintiffs claim.'" *Crisp v. Neel-Wilson*, No. 2:15-CV-1265, 2015 WL 5882126, at *2 (S.D. Ohio Oct. 7, 2015) quoting *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 634-35 (6th Cir. 2013).

This personal involvement requirement has been applied in cases, such as ours, where the Plaintiff has sued prison administrators for medical decisions made by the prison medical staff. The Sixth Circuit has stated that, "lay officials may generally rely on medical staff's medical judgments." *Mitchell v. Hininger*, 553 F.App'x 602, 607 (6th Cir. 2014). This includes prison health care administrators. *McCauley v. Sator*, No. 3:11-cv-361, 2012 WL 2357480, at *7 (M.D. Tenn. June 20, 2012) (citing *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)). "Prison administrators such as the warden, associate warden, and hospital administrator cannot be held liable under a theory of *respondeat superior* merely because they failed to remedy a

8

grievance presented by a prisoner." *Winn v. Waugaman*, No. 0:14-cv-169, 2015 WL 1606151, at *5 (E.D. Ky. April 8, 2015) (citing Sixth Circuit cases).

Therefore, Defendants assert that Plaintiff has also failed to state a claim against Defendant Lisa Peterson upon which relief can be granted.

### III. CONCLUSION

For the foregoing reasons of law and fact, Defendants respectfully request that this Court enter judgment on the pleadings and dismiss Plaintiff's complaint against them, assess costs to Plaintiff and award any other relief deemed necessary and just by this Court.

    Respectfully submitted,

    MICHAEL DEWINE
    Ohio Attorney General

    s/Maureen C. Yuhas
    MAUREEN C. YUHAS (0037361)
    Assistant Attorney General
    Criminal Justice Section
    150 East Gay Street, 16th Floor
    Columbus, Ohio 43215
    Phone: (614) 644-0739
    maureen.yuhas@ohioattorneygeneral.gov
    TRIAL ATTORNEY FOR DEFENDANTS

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Defendants' Motion for Judgment on the Pleadings* was sent to Plaintiff Luther Johnson, #166-904, Allen Oakwood Correctional Institution, P.O. Box 4501, 2338 N. West Street, Lima, Ohio 45802, via Regular U.S. mail, postage prepaid, on October 10, 2018.

    s/Maureen C. Yuhas
    Maureen C. Yuhas (0037361)
    Assistant Attorney General