UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Luther Johnson, *pro se*,                                    Case No. 3:18-cv-331

          Plaintiff,


v.                                                            MEMORANDUM OPINION
                                                                           AND ORDER

Lisa Peterson, et al.,

          Defendants.


## I.    INTRODUCTION

Defendants Lisa Peterson, Oscar Cataldi, Jr., and Robert Yochum have filed a motion for judgment on the pleadings, asserting the complaint filed by *pro se* Plaintiff Luther Johnson fails to state a claim upon which relief may be granted. (Doc. No. 21). Johnson filed a brief in opposition. (Doc. No. 26).

The parties have filed a variety of other motions. Defendants have filed a motion for leave to take Johnson's deposition. (Doc. No. 20). Johnson has filed three motions for discovery, (Doc. No. 17; Doc. No. 27; and Doc. No. 28), a motion for the appointment of counsel, (Doc. No. 22), and a motion objecting to Defendants' motion for leave to take his deposition. (Doc. No. 23).

For the reasons stated below, Plaintiff's motions and Defendants' motion for leave are denied, and Defendants' Rule 12(c) motion is granted.

## II. BACKGROUND

Johnson, an inmate at the Allen Oakwood Correctional Institution in Lima, Ohio ("AOCI"), was diagnosed with Hepatitis C in 2000. He has had periodic biopsies in the intervening years which have showed his Hepatitis C infection is progressing and is causing liver damage. (Doc. No. 1 at 3). Since at least 2016, Johnson has pursued more aggressive treatment for his Hepatitis C infection from medical staff at AOCI and through the grievance system. (*Id.* at 3-8). He alleges Defendants Peterson, Cataldi, Yochum, and Dr. Carlos Perez have refused to provide him with treatment to slow or reverse the progression of his condition because his virus has not yet progressed to stage 3, as required by the policies and procedures of the Ohio Department of Rehabilitation and Correction. (*Id.* at 7-8).

Peterson is the Health Care Administrator at AOCI, Cataldi and Perez are the current and former Lead Doctor, and Yochum is a registered nurse at the facility. (Doc. No. 1 at 2). Johnson alleges Defendants have violated his rights under the Eighth and Fourteenth Amendments by refusing to provide him with the treatment he has requested for his Hepatitis C infection. He seeks compensatory and punitive damages.

## III. STANDARD

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling on a motion to dismiss, a court may consider public records as well as documents attached to the motion

to dismiss if those documents "are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

### IV. ANALYSIS

#### A. SECTION 1983 – DELIBERATE INDIFFERENCE

An inmate claiming prison officials violated the Eighth Amendment must show the officials acted with deliberate indifference to the inmate's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).

The first part of the deliberate-indifference showing requires a prisoner show "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second part requires a showing that the defendant knew of and disregarded an excessive risk to inmate health or safety – "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 837).

Prison officials show a deliberate indifference to a prisoner's medical need if they intentionally delay or deny access to medical care for a serious medical need. *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Defendants focus on the subjective component of this analysis, implicitly conceding for the purposes of this motion that Johnson's Hepatitis C diagnosis is an objectively-serious medical need. *See, e.g., Owen v. Hendrix*, No. 19-1133-JDT-CGC, 2019 WL 5269105, at *3 (W.D. Tenn. Oct. 17,

3

2019) ("Owen's Hepatitis C likely qualifies as a serious medical condition." (citing *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 356 (6th Cir. 2006))).

Johnson repeatedly alleges "[t]he defendants have consistently refused to treat" his Hepatitis C infection. (*See, e.g.,* Doc. No. 1 at 8). This allegation, however, is contradicted by Johnson's other allegations, which indicate he has received liver biopsies and periodic bloodwork. (*Id.* at 2-3).

A claim that a delay in medical treatment rises to the level of a constitutional violation must be supported by "verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison Cnty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001). Johnson alleges the testing he has received shows his infection is progressing and is beginning to cause damage to his liver. While Johnson has submitted grievances and other informal complaints about his medical care, staff at AOCI have continued to provide the response that his condition has not yet risen to the level established in ODRC guidelines for treatment. (Doc. No. 1 at 3-4).

Johnson's allegations establish a "difference of opinion" with the course of treatment his doctors have prescribed. *Hix*, 196 F. App'x at 357. His complaint demonstrates Defendants are monitoring his condition and have clearly indicated the benchmarks for providing additional care for Johnson's condition. While Johnson's concerns about the potential health consequences of untreated Hepatitis C are understandable, particularly in light of the history of cancer diagnoses in members of his family, the Sixth Circuit requires him to "establish the detrimental effect of the delay in medical treatment," not merely the potential for detrimental effects. *Napier*, 238 F.3d at 742. A dispute of the adequacy of an inmate's medical treatment "does not amount to an Eighth Amendment claim." *Apanovtich v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002).

Moreover, Johnson's allegations are not analogous to those made by the plaintiffs in *Hoffer v. Jones*, 290 F. Supp. 3d 1292 (N.D. Fla. 2017). (*See* Doc. No. 26 at 5). In that case, the evidence

showed the Florida Department of Corrections had failed to treat nearly every inmate incarcerated in one of its facilities who had been diagnosed with Hepatitis C. *Hoffer*, 290 F. Supp. 3d at 1297-98. Officials "recognized that inmates were dying from HCV because they were not being treated" but failed to make funding available to purchased needed medication. *Id.* at 1298 (indicating the evidence show the Florida Department of Corrections had provided medication to treat HCV to 13 inmates out of no less than 7,000 inmates, and perhaps as many as 20,000 inmates, who had been contracted HCV).

Unlike the plaintiffs in *Hoffer*, Johnson cannot show Defendants have ignored his condition or that the ODRC policy for providing medication to treat his Hepatitis C rises to the level of deliberate indifference. *See, e.g., Mann v. Ohio Dep't of Rehab. & Corr.*, Case No. 2:18-cv-1565, 2019 WL 3334328 (S.D. Ohio July 24, 2019). Binding case law from the Sixth Circuit compels the conclusion that Johnson fails to demonstrate Defendants have acted with deliberate indifference to his serious medical needs and therefore he fails to state a claim for violation of his Eighth and Fourteenth Amendment rights.[1]

---

[1] A growing number of courts throughout the country have taken a hard look at prison medical care in this area, noting "caselaw prior to medical developments in Hepatitis C treatment appears to be out of date with respect to the issue of whether a defendant ought to be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists." *Mann v. Ohio Dep't of Rehab. & Corr.*, Case. No. 2:18-cv-1565, 2019 WL 2617471, *8 (S.D. Ohio June 26, 2019) (collecting cases) (report and recommendation not adopted by 2019 WL 3334328).

As Defendants no doubt are aware, guidelines jointly published in 2015 by American Association for the Study of Liver Diseases and the Infectious Diseases Society of America recommends treatment with Direct Acting Antiviral drugs ("DAAs") "for all HCV patients regardless of their liver fibrosis stage (except those with short life expectancies that cannot be remediated by treating HCV or by other directed therapy)." *Atkins v. Parker*, ---- F. Supp. 3d ----, No. 3:16-cv-1954, 2019 WL 4748299 (M.D. Tenn. Sept. 30, 2019).

The Eighth Amendment "draw[s] its meaning from . . . evolving standards of decency." *Roper v. Simmons*, 543 U.S. 551, 594 (2005) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion) (alteration in original)). Further, the Sixth Circuit has acknowledged "it is possible for medical treatment to be 'so woefully inadequate as to amount to no treatment at all.' " *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake*, 537 F.2d at 860 n. 5).

### B. DR. PEREZ

Section 1915 states that a court "shall" dismiss a case commenced in forma pauperis if the plaintiff fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Service has not been completed on Dr. Perez, who no longer is employed at AOCI. (*See* Doc. No. 7). In light of my conclusion that Johnson fails to state a claim for relief, I also dismiss his claims against Perez.

### V.  CONCLUSION

For the reasons stated above, Defendants' motion for judgment on the pleadings, (Doc. No. 21), is granted. Further, I dismiss Johnson's claims against Defendant Perez pursuant to § 1915(e)(2)(B)(ii).

Defendants' motion for leave to take Johnson's deposition, (Doc. No. 20), is denied. Plaintiff's motions for discovery, (Doc. No. 17, Doc. No. 27, and Doc. No. 28), his objection to Defendants' motion for leave (Doc. No. 23), and his motion for appointment of counsel, (Doc. No. 22), are denied.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge