UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Luther Johnson,                                                  Case No. 3:18-cv-331

          Plaintiff,

v.                                                        MEMORANDUM OPINION
                                                         AND ORDER

Lisa Peterson, *et al.*,

          Defendants.

## I.     INTRODUCTION

Plaintiff Luther Johnson sued Defendants Lisa Peterson, Oscar Cataldi, Jr., and Robert Yochum, alleging they violated his rights under the Eighth and Fourteenth Amendments through their application of the Ohio Department of Rehabilitation and Correction's ("ODRC") medical protocols for inmates who have been diagnosed with the Hepatitis C virus ("HCV"). (Doc. No. 1). Defendants filed a motion for judgment on the pleadings, (Doc. No. 21), which I granted. (Doc. No. 30). Johnson appealed, and the Sixth Circuit Court of Appeals remanded the case for consideration of (a) the impact of the ODRC's recently modified HCV treatment protocol and (b) whether Defendants were entitled to qualified immunity, which they asserted for the first time on appeal. *Johnson v. Peterson*, 847 F. App'x 343 (6th Cir. 2021).

Defendants now move to dismiss Johnson's claim for monetary damages on the basis of qualified immunity. (Doc. No. 45). Johnson filed a brief in opposition, (Doc. No. 46), and Defendants filed a brief in reply. (Doc. No. 49). After briefing was completed, Johnson filed a

motion for appointment of counsel. (Doc. No. 51). I granted the motion on August 17, 2021, and Attorney Thomas Sobecki agreed to represent Johnson as pro bono counsel. (*See* Doc. No. 55).

I then granted the parties leave to file supplemental briefing regarding Defendants' motion to dismiss, and they have done so. (*See* Doc. Nos. 59 and 60).

For the reasons stated below, I grant Defendants' motion to dismiss Johnson's claims for damages.

## II. BACKGROUND

Johnson, an inmate at the Allen Oakwood Correctional Institution in Lima, Ohio ("AOCI"), was diagnosed with Hepatitis C in 2000. He had a liver biopsy in 2007 which revealed he had stage one liver fibrosis. (Doc. No. 1 at 3). After experiencing worsening symptoms (and filing several grievances), Johnson received a second biopsy in August 2016, which showed he had stage two fibrosis and fatty liver disease. (*Id.*).

Johnson has made multiple requests for treatment with Harvoni, a direct-acting antiviral medication regimen used to treat, and in many patients, cure HCV. (*Id.* at 3-7). He alleges Defendants Peterson, Cataldi, Yochum, and Dr. Carlos Perez[1] have refused to provide him with this treatment because his condition has not yet progressed to stage three, as required by ODRC medical protocols. (*Id.* at 7-8).

Peterson is the Health Care Administrator at AOCI, Cataldi and Perez are the current and former Lead Doctor, and Yochum is a registered nurse at the facility. (Doc. No. 1 at 2). Johnson alleges Defendants have violated his rights under the Eighth and Fourteenth Amendments by

---

[1] Service was not perfected on Perez, (Doc. No. 7), and I dismissed Johnson's claims against him pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) after noting he had not been served with the complaint and summons. (Doc. No. 30 at 6). The docket does not reflect any further efforts to perfect service on Perez and therefore I dismiss Johnson's claims against Perez without prejudice pursuant to Rule 4. Fed. R. Civ. P. 4(m).

refusing to provide him with the treatment he has requested for his Hepatitis C infection. He seeks monetary damages and injunctive relief. (Doc. No. 1 at 9-10).

### III. STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### IV. ANALYSIS

Section 1983 provides a vehicle for a plaintiff to allege that a person acting under color of state law violated "a right secured by the Constitution and laws of the United States." *West v. Atkins*, 487 U.S. 42, 48 (1988). An inmate claiming prison officials failed to provide adequate medical care in violation of the Eighth Amendment[2] must show the officials acted with deliberate indifference to the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).

There are two parts to the deliberate indifference showing. The first requires a prisoner show "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the second, the plaintiff must show a defendant knew of and

---

[2] While Johnson alleged in his *pro se* complaint that Defendants also violated his rights under the Fourteenth Amendment, (Doc. No. 1 at 8-9), the Fourteenth Amendment Due Process Clause applies to pre-trial detainees, while the Eighth Amendment applies to convicted inmates. *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008). Therefore, I analyze his claim only under the Eighth Amendment.

3

disregarded an excessive risk to inmate health or safety – "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 837).

Prison officials act with deliberate indifference if they intentionally delay or deny access to medical care for an inmate's serious medical need. *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008). The Sixth Circuit "'distinguish[s] between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment.'" *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v. Lucas,* 537 F.2d 857, 860 n.5 (6th Cir.1976)). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake*, 537 F.2d at 860 n.5.

Defendants argue Johnson's § 1983 claim for damages must be dismissed based upon the doctrine of qualified immunity. (Doc. No. 45). Under that doctrine, a government official may not be held liable for civil damages if the official's "'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

For purposes of the qualified immunity inquiry, a right is clearly established if its "contours [are] . . . sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, . . . but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Id.* (citations omitted).

4

Johnson argues Defendants have not established they are entitled to qualified immunity because "there is no evidence in the record that he was ever actually 'treated' in the sense of being given any medication or other medical attention to improve the condition . . . ." (Doc. No. 59 at 6); (*see also id.* at 8 ("The only appropriate treatment . . . is treatment with antivirals for people with any stage of [HCV].")). In Johnson's view, Defendants' alleged adherence to ODRC protocols which dictated that inmate test results include "certain numbers related to HCV [and] meet certain preselected criteria" rather than making an "individualized determination of who should be administered direct antivirals and who should not," (*id.* at 5), implicates a claim for the denial of medical care, rather than a claim for inadequate treatment.

But, as Defendants contend, Eighth Amendment jurisprudence establishes that the terms "medical care" and "medical treatment" are not limited to the provision of medication. *See Estelle*, 429 U.S. at 107. In *Estelle*, the Supreme Court reasoned "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical practice." *Id.*; *see also Alspaugh*, 643 F.3d at 189 (rejecting inmate's deliberate indifference claim after concluding prison's provision of an x-ray and soft cervical collar to inmate complaining of chronic neck pain constituted medical treatment).

Moreover, the Sixth Circuit recently held a prison system's plan for diagnosing and monitoring inmates with HCV constituted "treatment" within the meaning of the Eighth Amendment and that the plaintiffs' disagreement with that plan ultimately was a complaint about the adequacy of the treatment. *Woodcock v. Correct Care Solutions*, 861 F. App'x 654, 660 (6th Cir. 2021) ("We cannot agree that Plaintiffs received no treatment at all . . . ."); *see also Atkins v. Parker*, 972 F.3d 734, 739 (6th Cir. 2020) (rejecting plaintiffs' claim that "failure to provide direct-acting

5

antivirals to every infected inmate amounted to deliberate indifference in violation of the Eighth Amendment").

It is true that the cases I have cited above stand on different procedural footing – the *Atkins* appeal arrived before the Sixth Circuit after a four-day bench trial, while the claims in *Woodcock* were dismissed at the summary judgment stage. *See Atkins*, 972 F.3d at 739; *Woodcock*, 861 F. App'x at 658.[3] As Johnson argues, this litigation has not progressed beyond the pleadings stage and, therefore, "the record in this case has simply not been developed sufficiently to answer any of, let alone all of, the questions raised by Mr. Johnson's Complaint." (Doc. No. 59 at 9). But the procedural status of this litigation has no impact on the outcome of Defendants' motion because, even taking Johnson's allegations in the light most favorable to him, Defendants had no reason to know their alleged actions might violate the law.

The qualified immunity inquiry is time-frame dependent: the government official's actions are "assessed in light of the legal rules that were 'clearly established' at the time . . . [those actions were] taken." *Anderson*, 483 U.S. at 640 (quoting *Harlow*, 457 U.S. at 818). The events underlying Johnson's claims took place in 2016 and 2017. (Doc. No. 1 at 3-8). Several years prior to that time period, the Sixth Circuit concluded, in *Dodson v. Wilkinson*, that the plaintiff had failed to show "ODRC doctors were deliberately indifferent to unreasonable risks of future harm to [the plaintiff] caused by Hepatitis C" when they treated the plaintiff pursuant to the ODRC's HCV testing and treatment policy. 304 F. App'x 434, 441 (6th Cir. 2008) (holding the plaintiff's disagreement with the testing and treatment protocols was a dispute over the adequacy of treatment).

Then, in 2016, the Southern District of Ohio reached the same conclusion in dismissing claims asserted by an HCV-infected plaintiff incarcerated at the Chillicothe Correctional Institution

---

[3] These cases also involved updated policies, issued after the events at issue in this litigation, which relaxed the strict prioritization protocols previously in place. *See Atkins*, 972 F.3d at 737; *Woodcock*, 861 F. App'x at 660-61.

in Chillicothe, Ohio. *Buchanon v. Mohr*, No. 2:16-CV-279, 2016 WL 4702573, at *3 (S.D. Ohio Sept. 8, 2016), *report and recommendation adopted,* No. 2:16-CV-279, 2016 WL 5661697 (S.D. Ohio Sept. 30, 2016).

While those cases may not conclusively resolve the underlying merits of Johnson's claims, they do establish that Defendants' reliance on ODRC protocols to administer HCV care was not contrary to clearly established law. In light of the circumstances and this pre-existing caselaw, I conclude Defendants' adherence to the ODRC HCV protocols was objectively reasonable when "'assessed in light of the legal rules that were clearly established at the time'" during which they acted and, therefore, they are entitled to qualified immunity on Johnson's claims for monetary damages. *Pearson*, 555 U.S. at 244 (quoting *Wilson v. Layne*, 526 U.S. 603, 614 (1999)).

## V.  CONCLUSION

For the reasons stated above, I grant Defendants' motion to dismiss Johnson's claims for damages. (Doc. No. 45). Johnson's claims for injunctive relief remain pending.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge